NOT FOR PUBLICATION

FILED

APR 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY HILL,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>DOMINGO URIBE, Jr., Warden; JERRY BROWN,<br><br>    Respondents - Appellees. | No. 11-55559<br><br>D.C. No. 3:09-cv-01327-LAB-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 7, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, JR., and CHRISTEN, Circuit Judges.

Petitioner Anthony Hill appeals from the district court's denial of his federal habeas petition. We remand the case for further proceedings. Because the parties are familiar with the history of this case, we need not recount it here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.      We grant Hill's motion to expand the certificate of appealability as to the issue of whether he is entitled to equitable tolling due to attorney abandonment. Because that question may involve development of the record and because the district court has not had the opportunity to consider it fully, we remand to the district court for its determination of the question in the first instance.

2.      Following the entry of judgment in the district court, we decided *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc), which affects the principle on which the district court based its decision. The Warden has requested that we remand to the district court the certified issue of whether Hill's actual innocence claim saves his untimely federal habeas petition in light of the standards enunciated in *Lee*. In *Lee*, we held that "where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] gateway and have his constitutional claims heard on the merits." *Lee*, 653 F.3d at 937. Therefore, pursuant to the Warden's

request, we also remand the question of whether Hill's claim of actual innocence excuses the untimely petition under *Lee*.[1]

Each party shall bear its own costs.

**VACATED AND REMANDED.**

---

[1] We note that in its December 16, 2011 order denying Hill's motion for leave to proceed *in forma pauperis* on appeal, the district court acknowledged our decision in *Lee* and stated that Hill's actual innocence argument would still fail under that case. We leave the question of whether to order additional briefing or development of the record on this question to the district court.